**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Brandon J. Johnson, *et al.*,                          Case No. 3:18CV1587

         Plaintiffs,

     v.                                                     **ORDER**

Todd Corbin,

         Defendant.

*Pro se* Plaintiffs Brandon L. Johnson, Michael K. Luna, Dustin Burton, Alexander M. Hall, Jeremiah M. Bennett, Deon C. Parker, and Bryton T. Holden filed the above-captioned action in the Huron County Court of Common Pleas against Huron County Sheriff Todd Corbin.

They alleged that the jail cooling systems were temporarily shut down for several hours at a time in May 2018 while repairs were made. They alleged that this created very warm temperatures in the cell blocks. Based on these events, plaintiffs bring claims under 42 U.S.C. § 1983 and Ohio tort law. Defendant removed the action to this court on the basis of federal-question jurisdiction.

For the reasons that follow, I will dismiss the federal claims with prejudice and decline to exercise jurisdiction over the state-law claims.

**Background**

Plaintiffs contend that work began on the cooling system in early May 2018. During this time, inmates were locked down between 7:00 p.m. to 7:00 a.m. the following morning, and during times when repairs were being made in the inmate living quarters.

Beginning on Friday, May 25 and continuing through Monday, May 28, inmates were locked down each night in this manner, and the cooling system was shut down for several hours for repairs. Plaintiffs contend the outside temperatures were very warm, even at night, causing the temperatures in the cells to become very uncomfortable. Plaintiffs also allege they were locked down during the day for over an hour while repairs were made on the telephone lines.

They further state that while the repairs on the telephone lines occurred, the sergeant on duty would not authorize the corrections officers to turn on the portal fans. These fans were also turned off at night for an hour and thirty minutes increments to allow for repairs.

Plaintiffs also indicate the electricity was turned off on the morning of May 29 from 8:15 a.m. to 9:40 a.m. During that time there were no means of communication with staff. They claim that the sergeant on duty would not open the doors to allow additional air to flow into the cellblock.

Pending is the Sheriff's filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 5).

**Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Discussion**

Plaintiffs have failed to state a claim upon which relief may be granted against the Sheriff.

Claims against him in his official capacity are construed as claims against the government entity he represents, in this case Huron County. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690.

While approving repair work on the jail may have been a decision that can be attributed to the County, there is no suggestion in the Complaint that the County also participated in the decision to keep the fans off for the brief periods of time that the work was being done. Plaintiffs have not alleged a custom or policy of Huron County that resulted in a violation of their constitutional rights.

Plaintiffs also fail to state a federal constitutional claim against the Sheriff in his individual capacity.

They cannot establish the individual liability of any Defendant without alleging that the Defendant was personally involved in the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). But plaintiffs allege the decisions to keep the portal fans off and to deny placement of other fans in the cell blocks were made by sergeants on duty in the jail. There are no allegations suggesting the Sheriff was even aware that the temperatures in the cells were

uncomfortable when the cooling system repairs were being effectuated, or that he participated in decisions to prevent the activation of other fans or cooling devices. Consequently, they have not stated a claim against the Sheriff in his individual capacity.

Plaintiff's remaining claims arise, if at all, under Ohio tort law.

Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. Having dismissed Plaintiff's federal law claims, this Court declines to adjudicate plaintiffs' state-law claims.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant's motion to dismiss (Doc. 5) be, and the same hereby is, granted with prejudice as to the Plaintiffs' claims under 42 U.S.C. § 1983;

2. Plaintiffs' state-law claims be, and the same hereby are, dismissed without prejudice;

3. Plaintiffs' motions for appointment of counsel (Doc. 7) and for leave to file an opposition (Doc. 14) be, and the same hereby are, denied as moot.

4. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge